■ GUY E. DONOHUE, Respondent, v STEPHEN WALTER et al., Individually and as Coexecutors of ELMER SCHLESINGER, Deceased, et al., Appellants.—Judgment of the Supreme Court, New York County (Alfred M. Ascione, J.), entered on May 12, 1988, as amended on or about November 7, 1988, which, following a jury verdict in plaintiff's favor, found defendants Stephen Walter et al. to be 10% liable, defendant Colonial Midtown, Inc. to be 65% liable and defendant Original Consumers Oil Heating Corp. to be 25% liable and awarded plaintiff the sum of $375,000 plus interest, costs and disbursements and directed that Colonial Midtown, Inc. indemnify Stephen Walter et al. in the amount of $37,500, is unanimously modified on the law to the extent of reversing and vacating the finding of liability against defendant Original

Consumers Oil Heating Corp. and otherwise affirmed, without costs or disbursements.

This action is for damages for personal injuries sustained as a result of a boiler explosion which occurred on January 21, 1980 when plaintiff Guy E. Donohue, at the time a 43-year-old commercial pilot and a tenant at 207 East 33rd Street in Manhattan, attempted to restart the boiler in the basement of his apartment house. The building was then owned by Elmer Schlesinger, who subsequently died (defendants Stephen Walter and Security Pacific National Bank were appointed representatives and executors of his estate), and leased to defendant Colonial Midtown, Inc. Although Ron Krakauer, the president of Colonial Midtown, who also lived in the building and served as landlord thereof, performed most of the maintenance work himself until he hired James Papadimitriou as superintendent in 1980 to assist him, defendant Original Consumers Oil Heating Corp., the supplier of heating oil, performed some of the boiler repairs upon request. The undisputed expert testimony at trial was that the explosion was most likely attributable to an accumulation of sludge and sediment at the bottom of the tank. In the absence of a functioning fuel gauge, as was the situation herein, it was impossible to determine how much oil remained in the tank, and the concentration of sediment on the filters and in the nozzle was the only indication that the supply of oil was running low. Moreover, the boiler frequently shut down when sludge from the bottom of the tank was drawn into the system or when there was a lack of fuel. While the boiler went into safety when it shut down and generally posed no danger, the repeated use of the restart button caused the oil pump to pull sludge from the nearly empty tank. Thus, when plaintiff pushed the restart button at the time in question, the oil filled into the burner box due to the dirt in the nozzle, igniting the oil, and thereby precipitating the explosion.

According to the evidence, Krakauer regularly enlisted plaintiff's help in restarting the boiler and, additionally, had improperly instructed both plaintiff and Papadimitriou as to the manner in which the boiler should be restarted. It is also clear that Krakauer negligently failed to maintain the entire apparatus by failing to replace the fuel gauge despite being advised to do so by the oil company. Consequently, the jury's determination that Colonial Midtown's negligence was the proximate causal factor in plaintiff's injuries was amply supported by the evidence. However, the proof was insufficient to demonstrate that Original Consumers was at all responsible

for the explosion since there was no claim that the serviceman's work was in any way negligent. Indeed, the boiler operated properly in later shutting itself down. Further, Original Consumers had urged that the fuel gauge be replaced. The boiler was running when the serviceman left on January 21, 1980 shortly before the accident, and the evidence demonstrates that rather than its being the oil company's duty to maintain an appropriate level of fuel in the tank, Krakauer, on behalf of Colonial Midtown, was primarily in charge of this matter.

We have considered defendants' other arguments and do not find any reversible errors in either the trial court's evidentiary rulings or instructions to the jury or as a result of any comments made by plaintiff's counsel. There is also no merit to the contention that defendants Stephen Walter *et al.* were not entitled to indemnification since, pursuant to its lease with the owner, Colonial Midtown was required to take good care of the premises and fixtures, and, having failed to do so, was contractually obliged to indemnify the owner. Finally, in view of plaintiff's injuries, which included second degree burns over 9% of his body, as well as his conscious pain and suffering, the amount of the damages awarded by the jury was not excessive. Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Rubin, JJ.